Bajwa v. Barr

BIA
A073 674 641

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> DEBRA ANN LIVINGSTON,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

JASPAL BAJWA,
> *Petitioner,*

v.                                                    17-4119
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Anas J. Ahmed, Pannun The
                         Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Melissa Neiman-
                         Kelting, Assistant Director;
                         Melissa K. Lott, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jaspal Bajwa, a native and citizen of India, seeks review of a December 1, 2017, decision of the BIA, denying his motion to reopen. *In re Jaspal Bajwa,* No. A073 674 641 (B.I.A. Dec. 1, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Bajwa asserted that the time and number limitations on his motion to reopen to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") should be excused because conditions for members of the All India Sikh Students Federation ("AISSF") in India had worsened and his former counsel had been ineffective.

It is undisputed that, unless an exception to the time and number limitations applies, Bajwa's 2017 motion to reopen

was untimely and number barred because this third motion to reopen was filed more than 19 years after his deportation order became final in 1997, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), and it was filed more than 17 years after the June 1999 deadline for seeking reopening after CAT relief became available, *see* 8 C.F.R. § 1208.18(b)(2)(i). As discussed below, the BIA did not abuse its discretion in denying the motion as time and number barred because no exceptions applied.

Changed Country Conditions

The time and number limitations for filing a motion to reopen asylum proceedings do not apply if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions

3

submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). The BIA did not err in finding that Bajwa's evidence was insufficient to establish worsened conditions for members of AISSF since his 1996 hearing because the evidence discussed incidents of harm from the 1980s and 1990s but no recent harm to Sikhs or Sikh organizations, such as AISSF. Therefore, the BIA reasonably concluded that Bajwa's evidence failed to demonstrate a material change in conditions in India to excuse the untimely and number barred filing of his motion to reopen to apply for asylum and withholding of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C).

Equitable Tolling

Nor did the BIA err in declining to excuse the time and number limitations based on Bajwa's ineffective assistance of counsel claim. As an initial matter, Bajwa does not challenge the BIA's dispositive and reasonable finding that his ineffective assistance claim was foreclosed because he failed to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), which requires the movant to (1) file an affidavit detailing his agreement with former counsel and (2) submit

4

proof that he notified former counsel and the proper disciplinary authority of his allegations. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46-47 (2d Cir. 2005); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (concluding that petitioner waived issues and claims not raised in his brief). Further, the BIA did not err in finding that Bajwa did not exercise due diligence in pursuing his ineffective assistance claim as required because he failed to describe taking any action in his deportation proceedings for more than a decade preceding his motion to reopen. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (requiring a noncitizen to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed"); *see also Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (explaining that "petitioner bears the burden of proving that he has exercised due diligence in the period between discovering the ineffectiveness of his representation and filing the motion" and citing several cases in which this Court has held that "a

petitioner who waits two years or longer to take steps to reopen a proceeding has failed to demonstrate due diligence").

Sua Sponte Reopening Authority

Because Bajwa did not demonstrate that the time and number limitations applicable to his motions should be excused, "his motion to reopen could only be considered upon exercise of the [BIA's] *sua sponte* authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). However, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood*, 570 F.3d at 469.

A remand is not warranted here. The BIA properly declined to reopen sua sponte to permit Bajwa to avoid the June 1999 deadline to file a late motion to reopen to apply for CAT relief. *See In re G-D-*, 22 I. & N. Dec. 1132, 1133-34 (BIA

6

1999) ("[W]e invoke our sua sponte authority sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations."); *see also In re G-C-L-*, 23 I. & N. Dec. 359, 361–62 (BIA 2002) (declining to continue reopening proceedings sua sponte to permit applications for asylum based on a change in law that occurred more than five years earlier).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

7